# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. LUCAS, | : | Civil No. 1:11-CV-2318 |
| Plaintiffs | : | (Judge Jones) |
| v. | : | (Magistrate Judge Carlson) |
| B.A. BLEDSOE, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

This matter comes before the Court on a request to appoint counsel for the plaintiff, James A. Lucas, who is proceeding pro se. (Doc. 87.) The plaintiff asks the Court to appoint counsel at a stage in this litigation when the defendants filed with the Court a motion to dismiss or, in the alternative for summary judgment, which has been fully briefed by the parties, and which squarely tests the merits of the plaintiff's claims in this action.

We appreciate the plaintiff's interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is

discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had the opportunity to assess the first benchmark standard we must address, the question of whether the plaintiff's claims have arguable legal merit. This central issue is presented squarely to the Court in the defendants' fully briefed motion to dismiss or, in the alternative, for summary judgment. (Doc. 62.) In our view, it would be inappropriate to appoint counsel until we have the opportunity to conduct this merits analysis in this matter, and consider the pending motion. Moreover, while we understand that the plaintiff doubtless faces

some obstacles in bringing this action, and that these obstacles may be more pronounced given the plaintiff's current custody at USP-Florence, to date the plaintiff has demonstrated an ability to effectively present this case. Furthermore, the actual investigation that the plaintiff has to do at this point is minimal, since the pleadings show that the plaintiff is fully aware of the bases for the claims against the defendants, and because the plaintiff's claims are now being tested in a pending dispositive motion that has been fully briefed by the parties, and which has been taken under advisement by the Court.

Taking all of these factors into account we DENY the plaintiff's renewed motion to appoint counsel (Doc. 87.), at this time without prejudice to re-examining this issue as this litigation progresses.

SO ORDERED, this 28th day of June 2013.

<u>*S/Martin C. Carlson*</u>  
Martin C. Carlson  
United States Magistrate Judge